**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHRISTIAN MIGUEL GUEVARA PEPE,** | **Civil Action No. 26-13721 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **MARKWAYNE MULLIN, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Christian Miguel Guevara Pepe, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Ecuador who entered the United States on or about July 30, 2021. (ECF No. 7-1 at 2). Border Patrol encountered Petitioner near Eagle Pass, Texas and instructed him to report to an ICE office. (ECF No. 7-2 at 4).

3. Petitioner reported to ICE in Newark, New Jersey on September 21, 2021. (*Id.*) He was served with a Notice to Appear and released on his own recognizance. (*Id.*)

4. Petitioner was ordered removed *in absentia* on May 12, 2023. (*Id.*) He successfully moved to reopen his removal proceedings on June 15, 2023.[1] (*Id.*)

5. A warrant was issued for his arrest on October 21, 2026. (ECF No. 7-3).

6. Petitioner was detained by ICE that day. (ECF No. 7-2 at 3).

---

[1] The reopening of Petitioner's removal proceedings means that he is not subject to a final order of removal. *See* 8 C.F.R. § 241.4(b)(1).

7. ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 7-3 at 1). Petitioner requested a review of that determination by an immigration judge but refused to sign the form. (*Id.*)

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner alleges that he was detained without "a constitutionally adequate process to justify continued detention" and that Respondents had not provided "any meaningful pathway for an assessment as to the merits of [Petitioner's] continued detention." (ECF No. 1 ¶¶ 29-30).

11. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

12. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

13. On the Notice of Custody Determination form, the box for "I **do** request an immigration judge review this custody determination" has been checked. (ECF No. 7-4 at 2 (emphasis in original)). Petitioner refused to sign the page. (*Id.*) It does not appear that a hearing has been scheduled. (ECF No. 8).[2]

14. This Court grants the Petition to the extent that a bond hearing must be scheduled.

15. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 4, 2026

[2] This Court has noticed a trend of initial custody determinations where the immigration judge review box has been checked, the detainee "refused to sign" the form, and no hearing was scheduled. *See, e.g., Pullutasi Pimbomaza v. Soto*, No. 26-cv-13294 (D.N.J. Oct. 29, 2026); *Raxtun Serech v. Blanche*, No. 26-cv-12964 (D.N.J. Oct. 29, 2026). If a detainee has asked for an immigration judge's review of ICE's initial custody determination, this Court expects that request to be honored—as required by §1226—without the detainee having to file a habeas corpus petition first.